UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHARVIS L. PEOPLES,
   Plaintiff,

vs.                                                                    No. 07-1292

JASON BROCKETT, et.al.,
   Defendants

### ORDER

     This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The plaintiff participated in the hearing by video conference call.

     The plaintiff, Charvis Peoples, says his constitutional rights were violated at the Pontiac Correctional Center. He has filed his complaint pursuant to 42 U.S.C. §1983 against three defendants including Correctional Officers Jason Brockett and Officer Hitchen and Dr. Libing Zhang.

     The plaintiff says on July 6, 2007, Defendant Brockett used excessive force against the plaintiff while he was handcuffed in his cell. The plaintiff says Brockett repeatedly slammed his head into the wall. The plaintiff says he was taken to the health care unit where Dr. Zhang examined him and he received stitches in his head.

     The plaintiff says he filed a grievance about the incident, but Defendants Brockett and Hitchen retaliated against him by refusing him showers and turning over his food plates.

     The plaintiff's complaint mentions that he received a disciplinary ticket as result of the July 6, 2007 incident. During the hearing, the plaintiff clarified that he was written up for assaulting staff, was found guilty of the offense and lost good time credits. The plaintiff says he appealed the decision to the Administrative Review Board, but they refused to overturn the disciplinary decision.

     The plaintiff has failed to state an excessive force claim upon which relief can be granted. "When a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgement in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the

conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This holding has been extended to judgement in prison disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997).

The plaintiff states that he did nothing to instigate the attack by Officer Brockett and he was shackled during the entire assault. The plaintiff also states that any blood on the officer was the plaintiff's blood. If the court were to find in the plaintiff's favor, it would invalidate the disciplinary ticket. Therefore, plaintiff must first seek to overturn the disciplinary findings before he can ask this court to consider his excessive force claims.

The plaintiff also says Dr. Zhang saw him immediately after the attack, examined him and provided him care for his injuries. The plaintiff says he has named the doctor as a defendant because he did not receive any follow up care. The plaintiff says from time to time, he suffered nausea, vomiting, headaches, blurred vision and other problems after the attack. The plaintiff does not claim he told anyone about these problems nor that he requested any follow up care. During the hearing, the plaintiff stated that he thought additional care should have been provided since he suffered head injuries.

The plaintiff admits that he did not have any further contact with Dr. Zhang. He does not claim she refused to see him or that he told her of his continued problems. In order to establish a violation of his Eighth Amendment rights, the plaintiff must demonstrate that he suffered from a serious medical condition and the defendants were deliberately indifferent to that condition. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)(citing *Farmer* at 840-42).

The plaintiff has also failed to state a claim upon which relief can be granted against the "John Doe Officers and Health Care Personnel." (Comp, .p. 1) The plaintiff simply names the John Doe defendants in the caption of his complaint, but does not make any reference to them in the body of his complaint. *See Collins v. Kibort, et al.,* 143 F. 3d 331, 334 (7th Cir. 1998)(naming in caption alone not enough to state a claim). The plaintiff also does not allege that he told anyone about his continued medical problems or asked anyone for follow up care. If the plaintiff did inform staff of his continued problems, did ask for medical care and did exhaust his administrative remedies for this claim, he should file a motion to amend his complaint clearing stating this claim.

The plaintiff has adequately alleged that Defendants Brockett and Hitchen retaliated against him in violation of his First Amendment rights. The plaintiff says they denied him showers and turned over his food trays.

Finally, the plaintiff has filed a motion for appointment of counsel. [d/e 3] Civil litigants have no federal right to appointed counsel. The district court may request appointment of

counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997). To decide whether counsel should be requested, the court asks, "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936. In this case, the plaintiff has not shown what efforts he has made to secure his own counsel. Even if he had, the plaintiff appears competent to proceed *pro se*, based on his submissions and his participation in the merit review hearing. The case does not appear complex at this stage of the proceedings. The motion is denied.

   **IT IS THEREFORE ORDERED that**:

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**

> **Defendants Brockett and Hitchens violated the plaintiff's First Amendment rights when they retaliated against him for filing a grievance concerning a July 6, 2007 incident.**

**The claim is against the defendants in their individual capacities.**

**2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.  The plaintiff has failed to claim against Defendant Zhang or the John Doe defendants. The clerk is directed to dismiss these defendants.**

**3)  This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under**

**the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

**7) The motion for appointment of counsel is denied. [d/e 3]**

Entered this 6th Day of December, 2007.

s\Harold A. Baker

---
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE